IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:16-cr-00030 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| JEROME LOTTIER ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

On September 11, 2020, defendant Jerome Lottier, proceeding *pro se*, filed a motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) and a motion to appoint counsel. (Dkt. Nos. 106, 107.) In accordance with local Standing Order 2019-1, the court appointed the Federal Public Defender (FPD). (Dkt. No. 108.) On September 24, 2020, the FPD responded to the court's order and declined to supplement Lottier's motion. (Dkt. No. 109.) Neither Lottier nor the United States have filed additional briefing. For the reasons stated below, the court will deny Lottier's motion.

I.  BACKGROUND

On September 16, 2016, Lottier pleaded guilty to one count of possessing with intent to distribute and distributing a substance containing a detectable amount of heroin and one count of possessing a firearm in furtherance of a drug trafficking crime. (Dkt. Nos. 38, 40.) Lottier sold heroin in Roanoke and kept a pistol to protect his home from drug-related invasion. (Dkt. No. 39.) On January 12, 2017, the court sentenced Lottier to 96 months imprisonment. (Dkt. No. 50.)

1

Lottier is 54 years old and he was sentenced on January 4, 2017. (Dkt. Nos. 48, 52 at 3.) He is being held at Petersburg Medium Security Federal Correctional Institution in Petersburg, Virginia. (Dkt. No. 106 at 1.)

Lottier states that he has served over half of his sentence. (*Id.*) He notes that he has completed numerous rehabilitation programs, including the non-residential drug abuse program. (*Id.*) He also notes that he was recommended for transfer to a low security facility. (*Id.*) Lottier bases his motion for compassionate release on the passing of his domestic partner who was the caretaker of his biological daughter. (Dkt. Nos. 109, 109-1.) The warden at Petersburg Medium denied Lottier's request for compassionate release because he has "other family members who have been, and are capable of, caring for [his] daughter." (Dkt. No. 109-1.) The FPD has advised Lottier to raise any additional reasons for compassionate release through administrative channels. (Dkt. No. 109.)

## II. ANALYSIS

### A. Compassionate Release

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –

> (i) extraordinary and compelling reasons warrant such a reduction . . . .

In addition to satisfying the above, the reduction must be "consistent with [the] applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). The Sentencing Commission's policy statement on compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy provides that under § 3582(c)(1)(A), the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a)," the court determines that:

> (1)(A) Extraordinary and compelling reasons warrant the reduction;
>
> . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. In the application notes, the Policy recognizes extraordinary and compelling reasons with regard to medical conditions (terminal illnesses or serious conditions that diminish self-care abilities), age with deterioration and significant time served, family circumstances, and other extraordinary and compelling reasons other than, or in combination with, the above reasons. U.S.S.G. § 1B1.13 n.1.

"A defendant seeking compassionate release has the burden of establishing that such relief is warranted." *United States v. Ferguson,* No. 515CR00018KDBDSC1, 2020 WL 5300874, at *2 (W.D.N.C. Sept. 4, 2020). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019).

**B. Exhaustion**

While the First Step Act modified § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement. The court has

3

previously found that § 3582's exhaustion requirement is not a jurisdictional bar, but rather a claims-processing rule that may be waived. See *United States v. Brown*, Criminal No. 7:19-cr-00036, 2020 WL 4506798, at *3 (W.D. Va. Aug. 5, 2020). Here, Lottier requested relief from the warden and was denied relief. Because the government has not contested Lottier's exhaustion of administrative remedies within the Bureau of Prisons (BOP), the exhaustion requirement does not stand in the way of considering Lottier's request.

## C. Extraordinary and Compelling Reasons

"The death or incapacitation of the caregiver of [a] defendant's minor child" can be an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13 n.1(C)(i). However, courts generally deny compassionate release when another suitable caregiver is available for the defendant's child. *See United States v. Corin*, No. S7 10 CR 391-64 (CM), 2020 WL 5898703, at *4 (S.D.N.Y. Oct. 5, 2020) (denying compassionate release where "[t]he tragic death of [the mother] did not leave [defendant's] son without a caretaker . . . [because] his son's aunt has been taking care of his son for the past seven years."); *Tucker v. United States*, No. 2:17-CR-87, 2020 WL 4740480, at *3 (E.D. Va. Aug. 14, 2020) (denying compassionate release when the "Presentence Report lists other family members who can care for [defendant's] son during the balance of her sentence . . ."); *United States v. Richardson*, No. 5:18-CR-507-1FL, 2020 WL 2200853, at *2 (E.D.N.C. May 6, 2020) ("declin[ing] to grant compassionate release in the absence of a robust evidentiary showing that defendant is the only available caregiver").

Here, Lottier has not provided evidence that he is the only available or suitable caretaker for his daughter. The warden at Petersburg Medium asserts that Lottier's family members have been capable caretakers for his daughter since her mother's passing. (Dkt. No. 109-1.) The

court is sympathetic to Lottier's desire to parent his daughter and recognizes that his Presentence Investigation Report states "he is a very good father and [] very involved in his daughter's life." (Dkt. No. 52 at 29.) However, with other suitable caretakers available, his family circumstances do not rise to the level of extraordinary and compelling reasons to justify compassionate release.

### III. CONCLUSION

For the reasons stated above, it is hereby ORDERED that Lottier's motion for compassionate release (Dkt. No. 106.) is DENIED. Lottier's motion to appoint counsel (Dkt. No. 107) is DENIED as moot because the court has already appointed the FPD. The clerk is directed to provide a copy of this order to the defendant, all counsel of record, and the United States Probation Office.

Entered: December 7, 2020.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge